**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

KATELYNNE MCCLURE, on behalf  )
of B. C. M. E., a minor child,  )
                                   )
       **Plaintiff,**  )
                                   )
**v.**  )       **Case No. 25-CV-373-MTS**
                                   )
DOUG SPENCER, et al.,  )
                                   )
       **Defendants.**  )

## OPINION AND ORDER

Before the Court is Defendants Doug Spencer and Doug Walls' Motion to Stay All Proceedings and Tax Costs Per F.R.C.P. 41(d) and Brief in Support. (Docket No. 13). After considering the parties' briefing on the matter and the applicable caselaw, Defendants' Motion is hereby **GRANTED IN PART and DENIED IN PART**.

## Background and Procedural History

This case is the fourth lawsuit brought by Plaintiff Katelynne McClure,[1] on behalf of B.C.M.E., a minor child ("Plaintiff"), for events arising from an incident which occurred at Greenbrier Learning Center, II, Ltd. ("Greenbrier") where B.C.M.E. attended daycare. (Docket No. 5 at 3). Pursuant to Greenbrier's policy, Plaintiff provided a list of people authorized to remove B.C.M.E. from Greenbrier's care. *Id.* On February 21, 2022, Timothy Elam ("Elam"), B.C.M.E.'s alleged father, who was not a legal custodian of B.C.M.E. nor authorized to remove him from Greenbrier, demanded that Greenbrier release B.C.M.E. to him. *Id.* at 3-4. Elam was accompanied by his cousin, Jessica Satterly ("Satterly"), who also was not authorized to remove B.C.M.E. from Greenbrier. *Id.* at 4.

---

[1] Plaintiff is the mother and sole legal guardian of B.C.M.E. (Docket No. 5 at 3).

Plaintiff alleges that Defendants Doug Spencer ("Spencer"), Jennifer Swarer ("Swarer"), and Doug Walls ("Walls"), all City of Catoosa police officers at that time, arrived at Greenbrier and were informed of Elam's intention to remove B.C.M.E. from Greenbrier.  *Id.* at 4.  She contends that when presented with B.C.M.E.'s birth certificate indicating that Elam was the "father," Defendants should have known that the birth certificate was "insufficient evidence of custodial rights[.]"  *Id.* at 5.  Plaintiff asserts that Defendants "knew or should have known" that Elam and Satterly were not authorized to take custody of B.C.M.E.  *Id.* at 4-5.  According to Plaintiff, Defendant Spencer informed Greenbrier's agents that the Catoosa Police Department lacked jurisdiction and neither it nor Greenbrier could prevent Elam from taking B.C.M.E.  *Id.* at 5.  Thereafter, Greenbrier released B.C.M.E. to Elam in Defendants' presence.  *Id.*  Upon learning of what had occurred, Plaintiff attempted to file multiple police reports and eventually traveled to Kentucky where Elam resided.  *Id.* at 4-6.  B.C.M.E. was recovered in Kentucky seven days after being released to Elam.  *Id.*

### A. *McClure I*

The first lawsuit, "*McClure I*,"[2] was filed in Rogers County District Court on June 7, 2022.  Plaintiff brought five state law claims against Greenbrier, Carmella Prather ("Prather"), Shawna Stephens ("Stephens"), Satterly, and Elam.  Her claims include: Child Stealing; Conspiracy to Commit Child Stealing; Negligence Per Se; Violating a Custody Statute; and Intentional Infliction of Emotional Distress.  The litigation in *McClure I* remains ongoing.[3]

---

[2] "*McClure I*" represents: *Katelynne McClure and B.C.M.E. v. Greenbrier Learning Center II, Ltd., Carmella Prather, Shawna Stephens, Jessica Satterly, and Timothy Brandon Elam*, Case No. CJ-2022-217, filed on June 7, 2022, in Rogers County District Court.

[3] From the Court's review of the case docket, the most recent event in *McClure I* is the April 15, 2026, order denying Defendants Prather, Stephens, and Greenbrier's Motion for Summary Judgment and Defendant Satterley's Motion for Summary Judgment.

**B. *McClure II***

Plaintiff's second suit, "*McClure II*,"[4] also filed in Rogers County District Court, asserted nine causes of action against Defendants Spencer, Swarer, Walls, City of Catoosa, and Chief Ronald L. Benight ("Benight"). (Docket No. 13-1). Plaintiff brought several claims against Defendants Spencer, Swarer, and Walls, individually and in their official capacities, including: Child Stealing; Conspiracy to Commit Child Stealing; Denial of Right to Custody; Wrongs Against Personal Relations; Violating a Custody Statute; Negligence Per Se; Intentional Infliction of Emotional Distress; and Punitive Damages. *Id.* at 5-11.

Plaintiff alleges that Defendants Spencer, Swarer, and Walls "acted in concert with Elam and Satterley" by allowing them to remove B.C.M.E. from Greenbrier and take her to Kentucky where they resided. *Id.* at 5. She contends that Defendants "intentionally" removed B.C.M.E. from Greenbrier and took her out of Oklahoma and away from Plaintiff, who is allegedly the "only person having lawful charge of [her]." *Id.* at 6. By doing so, Plaintiff asserts Defendants conspired with Elam and Satterly to perpetrate the crime of child stealing and aided and abetted them in removing B.C.M.E. from Greenbrier. *Id.* at 6-7. Additionally, she claims Defendants' assistance with B.C.M.E.'s removal from Greenbrier violated her right to sole legal and physical custody of B.C.M.E. under Okla. Stat. tit. 10, § 7800 and Okla. Stat. tit. 43, § 111.2, and resulted in a breach of the duty owed by Defendants to her and B.C.M.E. under both Okla. Stat. tit. 10, § 7800 and Okla. Stat. tit. 21, § 891. *Id.* at 7-9. Finally, Plaintiff alleges that Defendants intentionally caused severe emotional distress to her and B.C.M.E. "beyond what a reasonable person could be expected to endure." *Id.* at 10.

---

[4] "*McClure II*" represents: *Katelynne McClure, and on behalf of B.C.M.E. v. City of Catoosa, Chief Ronald L. Benight, Doug Spencer, Jennifer Swarer, and Doug Walls*, Case No. CJ-2023-318, filed on September 15, 2023, in Rogers County District Court.

3

Defendants Spencer and Walls filed a Motion for Summary Judgment on February 27, 2025.[5]  (Docket No. 13-3).  Defendants Spencer and Walls argued they were not appropriate defendants because they were acting within the scope of their employment under the Oklahoma Governmental Tort Claims Act, and even if they could be sued in their individual capacities, they were entitled to summary judgment as interference with custodial rights is not a recognized cause of action in Oklahoma.  (Docket No. 13-3 at 15-21, 32).  Moreover, they addressed each of Plaintiff's nine causes of action, specifically pointing out that certain claims were based upon criminal statutes as well as other statutes that did not set forth a civil cause of action and/or the undisputed facts did not support Plaintiff's claims.  *Id.* at 21-32.  Plaintiff sought an extension of time to respond to Defendants' motion, but instead of responding, she filed a Notice of Dismissal Without Prejudice on April 3, 2025, voluntarily dismissing her case.  (Docket No. 13-4).

### C.  *McClure III*

Plaintiff's third suit, "*McClure III*,"[6] was filed in this Court on February 20, 2024, against the same defendants named in *McClure II*.  (Docket No. 13-5).  Plaintiff brought two federal claims against defendants Spencer, Swarer, Walls, and Benight for violations of her and B.C.M.E.'s rights under the Fourteenth Amendment.  *Id.* at 8-12.  However, Plaintiff did not timely effect service, which ultimately resulted in United States Magistrate Judge Jodi F. Jayne's order directing Plaintiff to either respond or show cause as to why the case should not be dismissed.  When Plaintiff failed

---

[5] On January 16, 2025, Defendant City of Catoosa, Oklahoma, represented by Defendants' Counsel, filed a Suggestion of Death Upon the Record for Jennifer Swarer in *McClure II*.  (*See* Docket No. 13-7).

[6] "*McClure III*" represents: *Katelynne McClure on behalf of B.C.M.E. v. City of Catoosa, Chief Ronald L. Benight, Doug Spencer, Jennifer Swarer, and Doug Walls*, Case No. 24-cv-00069-JFJ, filed on February 20, 2024, in the United States District Court for the Northern District of Oklahoma.

to do so, Judge Jayne dismissed the case without prejudice on November 12, 2024.  (Docket No. 13-6).

### D. *McClure IV*

The fourth and current lawsuit, "*McClure IV*," was filed on July 24, 2025.  (Docket No. 2). Through her Complaint,[7] Plaintiff brings two federal claims against Defendants Spencer, Swarer, and Walls for certain constitutional violations.[8]  (Docket No. 5 at 7-9).  Specifically, she alleges Defendants "used their power and authority as police officers" to interfere with and violate her custodial and companionship rights to B.C.M.E. under the Fourth and Fourteenth Amendments to the Constitution.  *Id.* at 7.  She asserts that Defendants violated her rights by aiding, abetting, assisting, and taking part in the allegedly wrongful removal of B.C.M.E. from Greenbrier by Elam and Satterly, thereby interfering with her legal rights as the "sole custodial parent of B.C.M.E." and denying her right to custody under Okla. Stat. tit. 10, § 7800 and Okla. Stat. tit. 43 § 111.2. *Id.*  Plaintiff contends that Defendants acted with deliberate indifference to the "liberty interests of B.C.M.E." under the Fourth and Fourteenth Amendments by "fraudulently and maliciously aid[ing] and abett[ing]" Elam and Satterly in removing B.C.M.E. from Greenbrier and by unlawfully placing B.C.M.E. in their control.  *Id.* at 8.  She maintains that Defendants are liable under 42 U.S.C. § 1983 for resulting damages because they were acting under color of law when they allegedly deprived Plaintiff and B.C.M.E. of their constitutional rights.  *Id.* at 8-9.

On November 6, 2025, Defendants filed their Motion to Stay All Proceedings and Tax Costs.  (Docket No. 13).  Defendants argue they are entitled to fees and costs and a stay of

---

[7] The Court notes that the Complaint filed on July 24, 2025 (Docket No. 2), was an incorrect document, and the operative Complaint was refiled on September 17, 2025.  (Docket No. 5).

[8] On December 16, 2025, Plaintiff filed a Suggestion of Death Upon the Record as to Defendant Swarer.  (Docket No. 19).

proceedings because Plaintiff previously dismissed *McClure II*, commenced this lawsuit based upon the same or substantially similar claims against Defendants, and Defendants incurred costs and attorney's fees in *McClure II* that are not useful in this case. (Docket No. 13 at 8-11). Plaintiff filed her Response on December 1, 2025. (Docket No. 17). She argues against the award of costs and fees incurred in *McClure II* and a stay of the current proceedings. *Id.* at 4. Specifically, Plaintiff contends that because the claims in this case differ from *McClure II*, Defendants are not entitled to relief under Rule 41(d). *Id.* at 7. On December 5, 2025, Defendants replied that Rule 41(d) applies as Plaintiff has filed multiple lawsuits related to the events on February 21, 2022, voluntarily dismissed her state court claims in *McClure II*, and failed to provide an explanation for the filing of "serial lawsuits" in both state and federal court. (Docket No. 18 at 7). As such, Defendants' motion is now ripe for decision.

### Legal Standard

Federal Rule of Civil Procedure 41(d) provides that when "a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant," a court:

> (1) may order the plaintiff to pay all or part of the costs of that previous action; and
> (2) may stay the proceedings until the plaintiff has complied.

Fed. R. Civ. P. 41(d). Thus, the decision of whether to award relief under Rule 41(d) rests within the court's discretion. *Thompson v. Clymer*, No. 21-CV-156-GKF-SH, 2021 WL 6196690, at *2 (N.D. Okla. Nov. 29, 2021), citing *Meredith v. Stovall*, No. 99-3350, 216 F.3d 1087, at *1 (10th Cir. June 23, 2000).

The purpose of Rule 41(d) is to "prevent the maintenance of vexatious lawsuits and to secure, where such suits are shown to have been brought repetitively, payment of costs for prior instances of such vexatious conduct." *Id.*, quoting *United Transp. Union v. Maine Cent. R.R.,* 107

F.R.D. 391, 392 (D. Me. 1985); *see also Simeone v. First Bank Nat. Ass'n*, 971 F.2d 103 (8th Cir. 1992) (stating the costs awarded under Rule 41(d) are "intended to serve as a deterrent to forum shopping and vexatious litigation."). Although no showing of bad faith is required, the court may consider a plaintiff's motive in dismissing the prior action. *Lyons v. Dish Network L.L.C.*, No. 13-CV-00192-RM-KMT, 2013 WL 5637992, at *1 (D. Colo. Oct. 15, 2013), quoting *Oteng v. Golden Star Res., Ltd.*, 615 F.Supp.2d 1228, 1240 (D. Colo. 2009). However, a defendant must demonstrate the following to establish an entitlement to costs and fees:

> (1) the plaintiff previously dismissed a prior lawsuit, (2) the plaintiff commenced a second suit based upon or including the same claim(s) against defendant, and (3) whether the defendant incurred costs and attorneys' fees in the previous action that are not useful in the second-filed lawsuit.

*Kulikowksi v. Polis*, No. 20-CV-03152-RM-NYW, 2021 WL 4226141, at *3 (D. Colo. Jan. 21, 2021) (citations omitted). Even where the defendant has met all the elements for Rule 41(d), the court retains "complete" discretion to decide whether to impose costs and fees and may decide not to impose them where it appears there is a good reason for the dismissal or a plaintiff is financially unable to pay the costs. *Id.*

### Discussion

**A. Defendants Have Met the Conditions for Relief Under Fed. R. Civ. P. 41(d).**

In the Court's review and comparison of Plaintiff's claims and allegations in *McClure II* with *McClure IV*, the Court finds that the conditions under Rule 41(d) are met. Plaintiff voluntarily dismissed *McClure II*, which was based on the "same general conduct" or "overlapping factual matter" as the federal claims in *McClure IV*. *See Thompson*, 2021 WL 6196690, at *2; *Kulikowksi* 2021 WL 4226141, at *3. Additionally, *McClure IV* includes the same defendants as *McClure II*, except for two. Further, Defendants assert they have incurred costs and attorney's fees in *McClure*

*II* that are not useful in *McClure IV*.  (Docket No. 13 at 9-11).  Accordingly, the Court finds that

Defendants have met the conditions for relief under Rule 41(d).

### B.  Defendants Are Entitled to Certain Costs and Fees Under Fed. R. Civ. P. 41(d).

As Defendants have met Rule 41(d)'s conditions for relief, the Court must determine

whether to award costs and/or attorney's fees to Defendants.  Such a determination is within the

Court's discretion.  *See Meredith*, 2000 WL 807355, at *1 ("Under the language of Rule 41(d), the

decision whether to impose costs and attorney's fees is within the discretion of the trial court.")

(citations omitted).  Defendants argue that an award of costs and attorney's fees is appropriate

because Plaintiff has now filed four lawsuits based upon the same events (Docket No. 13 at 9) and

has engaged in forum shopping and attempted to avoid adverse determinations in state court by

dismissing *McClure II*, refiling her claims in *McClure III*, and now filing *McClure IV*.  (Docket

No. 18 at 1-2).  Defendants maintain that Plaintiff's dismissal of *McClure II* resulted in the

expenditure of costs and fees that are now useless. (Docket No. 13 at 9).  Specifically, Defendants

seek the following costs expended in *McClure II*:  (1) the state court filing fee in the amount of

$50.00 for the motion for summary judgment; (2) copying costs in the amount of $299.60 related

to the motion for summary judgment; (3) transcription costs in the amount of $1,075.25 for

Plaintiff's deposition; and (4) attorney's fees in the amount of $2,700.00 for drafting the motion

for summary judgment. (Docket Nos. 13 at 9-11; 13-8; 18 at 6-7).

In response, Plaintiff asserts *McClure IV* is a refiling of the federal claims asserted in

McClure *III* (Case No. 24-cv-069-JFJ), not *McClure II*.  (Docket No. 17 at 6).  She contends that

the state law claims raised in *McClure II* "differ greatly" from her current federal claims for

"Defendants' violation of Plaintiffs' constitutional rights under the Fourth and Fourteenth

Amendments and under 42 U.S.C. § 1983[.]"  *Id.* at 7.  Moreover, she maintains that *McClure II*

had not "progress[ed] to point in which an award of costs is warranted under 41(d)." *Id.* at 4. Plaintiff further argues that her filing of the current lawsuit is "neither forum shopping nor vexatious litigation" and has not resulted in "unnecessary expenditures" or prejudice to Defendants.[9] *Id.* at 7.

As noted herein, when exercising discretion, "[n]o showing of bad faith is required" to award costs under Rule 41(d), but the Court may consider "the plaintiff's motive in dismissing the prior action[.]" *Thompson*, 2021 WL 6196690, at *2, quoting *Lyons*, 2013 WL 5637992, at *1. However, a court should award "only those costs for work done in the previous case that cannot be used in the later case[.]" *Id.* at *3; *see also Oteng*, 615 F.Supp.2d at 1240 ("[T]he court should not impose any costs associated with work that will still be useful to the defendants in the instant litigation.") (citation omitted).

As discussed above, this Court determined that the dismissed claims in *McClure II* and Plaintiff's current claims are based on the "same general conduct" or "overlapping factual matter." Contrary to Plaintiff's assertions, *McClure II*, which was filed on September 13, 2023, had progressed to the point that Defendants filed their motion for summary judgment on February 27, 2025, seeking dismissal of the claims against Defendants Spencer and Walls.[10] (Docket Nos. 13-1; 13-3). Plaintiff never filed a response and then filed her dismissal without prejudice on April 3, 2025. (Docket No. 13-4). Without any explanation from Plaintiff, it appears she dismissed *McClure II* to avoid responding to Defendants' motion for summary judgment and a possible

---

[9] Although Plaintiff includes a citation suggesting a court's reluctance to award Rule 41(d) costs when a plaintiff is financially unable to pay, Plaintiff includes no further information or argument that she is unable to pay an award of costs or fees in this action. (Docket No. 17 at 4). Accordingly, the Court need not address the matter further.

[10] As noted herein, Plaintiff filed *McClure III* on February 20, 2024, during the pendency of *McClure II*.

adverse ruling.  Plaintiff then refiled *McClure IV* on July 24, 2025.  (Docket No. 2).  Thus, Plaintiff's repetitive lawsuits resulted in Defendants' incurring useless costs and fees and the unnecessary expenditure of time and effort by Defendants' counsel.  In the Court's view, this is the type of conduct Rule 41(d) is intended to discourage.

As the Court has exercised its discretion and determined that Defendants are entitled to costs and attorney's fees associated with *McClure II*, the Court now addresses the specific costs and fees for which Defendants seek reimbursement.

### 1. *Filing fee for summary judgment motion and related copying costs*

Defendants seek costs associated with the filing of their motion for summary judgment in *McClure II* in the amount of $50.00, asserting that such fee "is useless in the present case." (Docket Nos. 13 at 11, 13-8 at 1-3).  They also seek copying costs related to the summary judgment motion in the amount of $299.60. *Id.*  Plaintiff acknowledges the fee for filing the summary judgment motion and related copying costs but makes no specific argument for why either is useful in the current case.  (Docket No. 17 at 4-5).

The Court agrees with Defendants that because Plaintiff voluntarily dismissed *McClure II*, it rendered the filing fee associated with Defendants' motion for summary judgment and any related copying costs useless.  Based upon the affidavit of Defendants' counsel, the Court finds Defendants are entitled to an award of costs for the summary judgment filing fee of $50.00 and copying costs of $299.60, for a total amount of $349.60. *See Esquivel v. Arau*, 913 F. Supp. 1382, 1393 (C.D. Cal. 1996) (noting that Rule 41(d) allows for disbursements for . . . duplication and telephone charges), citing *Zucker v. Katz*, 1990 WL 20171, at *3 (S.D.N.Y. Feb. 21, 1990) (finding disbursement for duplication costs was reasonable since could not be used in the new action).

### 2. *Plaintiff's deposition*

Additionally, Defendants seek costs in the amount of $1,075.25 associated with Plaintiff's deposition taken in *McClure II*, arguing they will have to re-take the deposition in the current suit. (Docket Nos. 13 at 9; 13-8 at 2, 4; 18 at 6). Plaintiff responds that the deposition in *McClure II* was jointly taken by a total of ten defendants. (Docket No. 17 at 5). She maintains that other than stating that her deposition will need to be re-taken, Defendants provide no reason for how Plaintiff's prior deposition is useless in the current suit. *Id.*

The Court agrees with Plaintiff. Although the current case includes federal claims, the Court cannot conclude that Plaintiff's prior state court deposition will be useless to Defendants in this case, especially since Defendants have argued that *McClure II* and the instant action "are based on identical conduct and seek identical damages." (Docket No. 18 at 5) (emphasis omitted); *see also Grant v. Kingston*, No. 2:24:cv-00155-AMA-JCB, 2024 WL 5136636, at *3 (D. Utah Dec. 17, 2024) ("The relevant inquiry under Rule 41(d) is not . . . whether any work in the second case will be duplicative, it is whether prior work related to the state law claims is *useful* to the instant action."). Accordingly, the Court finds Defendants are not entitled to the transcription costs associated with the taking of Plaintiff's deposition in *McClure II*.

### 3. *Attorney's fees for Summary Judgment Motion*

Defendants further seek attorney's fees in the amount of $2,700.00 for the time expended in drafting the motion for summary judgment filed in *McClure II*. (Docket Nos. 13 at 9; 13-8 at 2; 18 at 6-7). They argue that the time spent on the summary judgment "will be useless in this federal case, considering new motions will be required in this case; federal standards are different from state law standards; and the evidence and arguments related to Plaintiff[']s claims in this case may be different." (Docket No. 13 at 9-10). Plaintiff acknowledges Defendants' request for

attorney's fees in her response but does not directly address it.  (Docket No. 17 at 6).  Instead, Plaintiff again argues that her current lawsuit is almost identical to *McClure III*, does not involve the same claims as *McClure II*, and she has not engaged in forum shopping or vexatious litigation which resulted in unnecessary expenditures by Defendants or prejudice to them.  *Id.* at 6-8.

The Court agrees with Defendants.  However, it must determine if the amount of attorney's fees requested by Defendants' counsel is reasonable.  By affidavit, Defendants' counsel states that he spent approximately fifteen hours drafting Defendants Spencer and Walls' motion for summary judgment in *McClure II* at an hourly rate of $180.00 for a total amount of $2,700.00.  (Docket No. 13-8 at 2).  After reviewing the motion for summary judgment, the Court finds the amount of time spent and the hourly rate charged by Defendants' counsel are both reasonable.  Accordingly, Defendants are entitled to the requested attorney's fees their counsel expended in drafting the motion for summary judgment in *McClure II* in the amount of $2,700.00.

As outlined herein, the Court finds that Defendants are entitled to the payment of certain costs and attorney's fees from Plaintiff accrued in *McClure II*.  Plaintiff shall pay costs in the amount of $349.60 and attorney's fees in the amount of $2,700.00, for a total award of $3,049.60.

### C.  Stay of the Proceedings

Under Rule 41(d)(2), the Court has discretion to stay the action pending Plaintiff's payment of costs and fees.  Fed. R. Civ. P. 41(d)(2) ("[T]he court . . . may stay the proceedings until the plaintiff has complied.").  The Court finds a stay of the proceedings is appropriate pending Plaintiff's payment of costs and fees to Defendants.

### <u>Conclusion</u>

For the reasons set forth herein, Defendants Doug Spencer and Doug Walls' Motion to Stay All Proceedings and Tax Costs Per F.R.C.P. 41(d) (Docket No. 13) is hereby **GRANTED IN**

**PART and DENIED IN PART**.  Plaintiff is ordered to pay costs and attorney's fees to Defendants in the amount of $3,049.60.  The case is stayed until payment is made.  Defendants shall file a written notice with the Court on or before **Thursday, July 9, 2026**, notifying the Court about the status of the payment.

> **IT IS SO ORDERED** this 9th day of June, 2026.

MARK T. STEELE, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

13